UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAYLA BRIGNAC                                                         CIVIL ACTION

VERSUS                                                                      NO. 11-0174

TRAVELERS COMMERCIAL                                       SECTION "K"(4)
INSURANCE COMPANY, ET AL

### ORDER AND OPINION

Before the Court is the motion to remand filed on behalf of plaintiff Kayla Brignac (Doc. 8). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion and remands this case to the 34th Judicial District Court for the Parish of St. Bernard.

Background

Plaintiff Kayla Brignac filed suit in the 34th Judicial District Court for the Parish of St, Bernard against Alco Corporation, Inc. ("Alco"), Rayford Humphries, an employee of Alco, and Travelers Indemnity Company of Connecticut ("Travelers"), Alco's insurer, for injuries sustained in an automobile accident allegedly resulting from the negligence of Mr. Humphries.  In compliance with Louisiana law, the petition did not include a specific amount of damages sought.   Plaintiff served Travelers with the suit on October 18, 2010.

On November 1, 2010, prior to service of the complaint on either Alco or Mr. Humphries, plaintiff's counsel sent counsel for Travelers an offer to settle the litigation for $150,000.00 as well as post-accident medical records reflecting damage to Ms. Brignac's cervical and lumbar discs. The records also included a report from Dr. John D. Olson, plaintiff's treating neurologist, stating "[g]iven the circumstances as presented to me, I relate her difficulties directly to the motor vehicle

accident of March the 11th, 2010." Doc. 8-1, Ex. K.

On November 8, 2011 and November 9, 2011, Alco and Mr. Humphries respectively were served with plaintiff's complaint. Thereafter all of the defendants filed an exception of improper venue.[1]  On January 20, 2011, plaintiff filed a motion to set a settlement conference. Six days later, on January 26, 2011, defendants filed a notice of removal and removed the suit to this court.

## LAW AND ANALYSIS

Plaintiff seeks to have the suit remanded to state court contending that defendants did not execute a timely removal of the suit. Title 28 U.S.C. §1446(b), which provides the parameters for removal of a suit from state court to federal court,  provides in pertinent part that:

> The  notice of removal in a civil suit . . . shall be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading. . ..
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, order, or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.  §1446(b) (emphasis added).    Thus, §1446(b) establishes a two-step test for analyzing whether a defendant timely removed a case.

> The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated in the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the

---

[1] The defendants voluntarily dismissed their exceptions of improper venue.

case is removable.

*Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).

It is not clear from the complaint that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, the minimum amount in controversy required to sustain diversity jurisdiction under 28 U.S.C. §1332. Therefore, removal under first paragraph of §1446(b) is not applicable in this case.

Plaintiff asserts that the removal was not timely under the second paragraph of §1446(b) because on November 1, 2010 Travelers received from plaintiff "other paper," i.e., a settlement demand and medical information, from which it could have ascertained that the case was removable, and that Travelers failed to remove the case within thirty (30) days thereafter. "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1556(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). A post-complaint demand letter may constitute "other paper" under §1446(b). *Addo v. Globe Life and Accident Insurance Company*, 230 F.3d 759 (5th Cir. 2000). It is undisputed that plaintiff sent the settlement letter to Travelers after filing the complaint and after Travelers had been served. The letter included a settlement offer twice the required minimum amount in controversy for diversity jurisdictions as well as medical information documenting objective injuries to the cervical and lumbar spine. Plaintiff included medical reports documenting bulging lumbar discs at the L3-L4 and L4-L5 levels as well as a cervical injury, i.e., an annulus fibrosus tear of the anterior margin of T1-T2 level. Doc. 8, Ex. K. Additionally, the medical reports indicated that nerve conduction studies reflected "nerve root involvement on the left in what appears to be L5. But

of course this overlaps with the clinical localization of S1." Id.  Dr. John D. Olson recorded that plaintiff reported that she was asymptomatic prior to the accident.  Dr. Olson opined that plaintiff's injuries were causally related to the accident. Id.   Taken together, the settlement letter and the accompanying medical information were sufficient to constitute  "other paper" within the meaning of  §1446(b) and trigger the thirty (30) day period for timely removal of the suit.

Defendants urge that the settlement demand and medical information cannot constitute "other paper" sufficient to trigger the running of the thirty (30) day removal period because as to Alco and Mr. Humphrey, the "settlement demand was received pre-suit."  This contention lacks merit. Because Travelers had been served with the suit prior to its receipt of the "other paper," it is immaterial to the timeliness analysis that Alco and Mr. Humphries had not been served at the time Travelers received the "other paper."  The general rule with respect to removal when there are multiple defendants "is that '[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal."  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  Travelers's failure to remove the suit within thirty (30) days after receiving the "other paper" bars subsequent timely removal by other defendants.  Accordingly, the motion to remand is GRANTED.

New Orleans, Louisiana, this 12th day of May, 2012.

　　　　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE